U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 8 2015

TONY R. MOORE, CLERK
BY _____ꜱꜱ_____
                DEPUTY

a

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

JEFFREY DUANE MERRITT (#13018-078)  DOCKET NO. 15-CV-1196; SEC. P

VERSUS                                    JUDGE DRELL

WARDEN                                    MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

*Pro se* Petitioner, Jeffrey Duane Merritt, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges his release date as calculated by the Bureau of Prisons (BOP).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual and Procedural Background*

Petitioner states that, in 2005, he was in Texas state custody on pending state charges.  He was "borrowed" by the U.S. Marshals on a federal writ of habeas corpus ad prosequendum.  While he was in "borrowed" custody, he was released from the State of Texas to the U.S. Marshals Service pending designation to a federal institution.

According to the response to Petitioner's administrative grievance, he was arrested by local law enforcement officials in

Paris, Texas, on September 13, 2005.  A federal indictment charging Petitioner with conspiracy to distribute a controlled substance was handed down on October 13, 2005. On September 7, 2006, Petitioner was produced in federal court pursuant to a writ of habeas corpus ad prosequendum.  He was sentenced to 125 months of imprisonment in the United States District Court for the Eastern District of Texas. [Doc. #1, p.21]  Petitioner was returned to the State of Texas for disposition of the pending state charges.

On October 22, 2007, Petitioner was sentenced in the State of Texas to a forty-year term of imprisonment.  He was released from the State of Texas to the federal authorities pursuant to a federal detainer on January 11, 2012.  [Doc. #1, p.21]

The Bureau of Prisons determined that Petitioner's federal sentence commenced on January 11, 2012.  Petitioner claims the commencement date should be September 7, 2005[1].  [Doc. #1, p.13]

Petitioner was given credit against his state sentence from April 30, 2005, through May 1, 2005; May 29, 2005, through June 1, 2005; June 11, 2005, through June 15, 2005; and September 13, 2005, through October 21, 2007.  His state sentence commenced on October 22, 2007.

## Law and Analysis

Petitioner asks for credit on his federal sentence for time

---

[1]Although Petitioner references September 7, 2005, it appears that he means September 7, 2006, the date of his federal sentencing.

2

served on his state sentence. He believes that, had the state sentence already been imposed at the time of the federal sentencing, the federal sentencing judge would have ordered the federal sentence to run concurrent to the state sentence.

The authority to grant or deny credit for time served or a nunc pro tunc[2] designation is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the Bureau of Prisons. See U.S. v. Wilson, 503 U.S. 329 (1992); U.S. v. Jack, 566 Fed. Appx. 331, 332 (5th Cir. 2014); Jake v. Herschberger, 173 F.3d 1059, 1065-1066 (7th Cir. 1999). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a Section 2241 petition. See Jack, 566 Fed.Appx. at 332.

First, Petitioner's belief as to what the sentencing judge would have done had the state sentence already been imposed is entirely conclusory. Moreover, the Fifth Circuit has declared that "well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir.2003) (per curiam) (emphasis added). In this case, the district court did

---

[2]Phrase "nunc pro tunc" translated literally means "now for then," and, with respect to rendition of judgment or certificate that there is no just reason for delay quoted phrase signifies belated entry of document and that document will be given anterior effect. Fed.Rules Civ.Proc. rule 54(b), 28 U.S.C.A.

not address the yet-to-be-imposed state sentence. Thus, because the judgment was silent, the sentences are presumed consecutive.

Moreover, 18 U.S.C. §3585 provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*. In this case, Petitioner received credit toward his state sentence for the time in federal custody pursuant to the writ of habeas corpus ad prosequendum and after his federal sentence was imposed up until January 11, 2012. Under §3585(b), a defendant cannot receive credit on his federal sentence when he received credit toward his state sentence for the same time period. See United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 511 U.S. 1059, 114 S.Ct. 1629, 128 L.Ed.2d 352 (1994); United States v. Wilson, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (in enacting 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"). Thus, Petitioner is statutorily prohibited from receiving double credit.

In this case the BOP evaluated Petitioner's claim for nunc pro tunc designation, and, applying the factors in Title 18 U.S.C.

4

§3621(b), determined that nunc pro tunc designation was not consistent with the goals of the criminal justice system due to the nature of Petitioner's federal conviction, state convictions, and repetitive criminal conduct.   [Doc. #1, p.21-22]   There is no indication that the sentencing court intended concurrent sentences. Thus, there is no indication that the Bureau acted outside of its discretion.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED, with prejudice.**

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN

FOURTEEN **(14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR**
AN AGGRIEVED **PARTY,** EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM
ATTACKING ON **APPEAL THE FACTUAL FINDINGS** AND LEGAL CONCLUSIONS
ACCEPTED **BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS **DONE AND SIGNED** at Alexandria, Louisiana, this _18th_ day
of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6